TOWNSHIP OF PENSAUKEN, PROSECUTOR, v. STATE BOARD OF TAXES AND ASSESSMENT ET AL., DEFENDANTS.

Submitted October 16, 1931—Decided December 10, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the prosecutor, *Albert E. Scheflen.*

For the defendants, *Howard L. Miller.*

PER CURIAM.

This writ brings before us for review the judgment of the state board of taxes and assessment, of January 27th, 1931, reducing the assessment for taxing purposes for the year 1930 of the property of Wm. Cramp & Sons Ship and Engine Building Company, located at Petty's Island, Pensauken township, county of Camden, from a total of $63,400 as fixed by the county board of taxation, being $62,400 upon land and $1,000 on improvements, to a total of $50,000 being $49,000 on land and $1,000 on improvements.

The township assessor had made a total assessment of $90,200; $83,200 on land and $7,000 on improvements.

From this the owner appealed to the county board of taxation, receiving the reduction before referred to and from this judgment of the county board both the owner and the township of Pensauken appealed to the state board.

Three reasons are advanced and argued by the prosecutor why the judgment under review should be set aside—

1. The findings of the defendant, state board of taxes and assessment, upon which judgment has been entered, reducing the assessment of the defendant taxpayer, are not supported by the weight of the evidence.

2. The unsupported testimony of H. B. McCollum, a witness for the defendant taxpayer, does not justify the reduction made by said board in the valuation placed on said land for the year 1930.

3. The findings and judgment of said board are against the clear weight of the evidence produced before it.

Thus the question presented is, solely—is the finding of the board supported by the weight of the proofs before it?

Our consideration of the proofs brings us to the conclusion that by a clear preponderance thereof the findings of the board were justified.

The judgment under review is therefore affirmed and the writ dismissed, with costs.